IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JENNIFER M. SWISHER,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendants. | CV-21-55-BU-BMM-JTJ<br><br>O<small>RDER</small> |

# INTRODUCTION

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") has filed a Motion to Dismiss for inadequate service of process and failure to state a claim. (Doc. 7). Plaintiff Jennifer Swisher ("Swisher") opposes the Motion. (Doc. 14).

Defendants seek dismissal for inadequate service of process pursuant to Fed. R. Civ. P. 12(b)(5). (Doc. 7). Defendants further argue that the statute of limitations prohibits Swisher from stating a claim upon which relief can be granted if her initial service of process was inadequate. Fed. R. Civ. P. 12(b)(6).

## FACTUAL AND LEGAL BACKGROUND

Swisher stopped at an intersection in Gallatin County on June 30, 2015. (Doc. 1-1 at 1). Skyler Saxton, an insured of State Farm, rear-ended Swisher. *Id.*

Swisher brought this action in Montana state court on June 21, 2018, after State Farm denied her claim, alleging violation of the Montana Unfair Trade Practices Act ("UTPA") and Common Law Bad Faith. (Doc. 8 at 2). Swisher served State Farm via personal service upon its registered agent on June 21, 2021. *Id.* State Farm removed to this Court that same day. *Id.* State Farm moved to dismiss for improper service of process and failure to state a claim on August 4, 2021. *Id.*

## LEGAL STANDARDS

A motion for insufficient service of process must be asserted in the responsive pleading if one is required. Fed. R. Civ. P. 12(b)(5). Courts disfavor dismissal for insufficient service of process. A party generally cannot justify dismissal absent a showing of prejudice. *United States Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

## DISCUSSION

State Farm argues that Swisher's service of process was insufficient under Montana Code Annotated § 33-1-605. (Doc. 8). State law governs the sufficiency of the service of process when a party removes a case from state court to federal

court. *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017). Section 605 controls service of process on a foreign insurer.

Section 605(1) requires a foreign insurer who conducts business in Montana to "have a registered agent upon whom any legal process, notice, or demand required or permitted by law to be served upon a company must be served." Mont. Code Ann. § 33-1-605(1). The agent must be a person who either resides or maintains a business address in Montana. *Id.* Section 605(4) specifically identifies "[s]ervice by certified mail to a registered agent listed for an insurer" as a means of perfecting service of legal process upon that insurer." *Id.* (4).

Section 605(4) does not provide service by certified mail as the sole means to accomplish service of process. In fact, subsection (8) clarifies that § 605 "does not limit or affect the right to serve any process, notice, or demand upon an insurer in any other manner permitted by law." *Id.* (8). Section 605 also contains the following series of definitions to be used in construing its terms:

> (a) "certified mail" means a method of sending by common carrier with tracking capability; and
> (b) "legal process" means a summons and complaint.

*Id.* (10).

State Farm argues that § 605(4) limits service of process on foreign insurers to certified mail and only certified mail. (Doc. 8 at 5). State Farm also rejects Swisher's assertion that § 605(8) applies. State Farm contends that § 605(8) refers

3

to "any process" whereas § 605(4) refers to "legal process." (Doc. 15 at 4). "Legal process," as defined in § 605(10) includes a summons and complaint.

State Farm argues that the omission in § 605(8) of a specific reference to "legal process," means that it cannot provide alternate means for serving a summons and complaint on a foreign insurer. *Id.* State Farm also argues that to interpret § 605(8), as Swisher suggests, would be to render § 605(1) meaningless. *Id.* Section 605(1) requires that service of process "must be served" on a foreign insurer's registered agent whereas other means of service of process "permitted by law" include service on a manager or other appropriate agent. (Doc. 15 at 5).

State Farm also moves to dismiss Swisher's complaint with prejudice under Rule 12(b)(6), should its Rule 12(b)(1) motion be granted. (Doc. 8 at 7). A claim barred by the applicable statute of limitations also remains subject to dismissal for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007). The statute of limitations has expired since Swisher served her claim upon State Farm. (Doc. 8 at 9). State Farm argues that Swisher may not re-serve her complaint properly now that the statute of limitations has expired. *Id.*

Swisher argues that State Farm's interpretation of the service statute ignores § 605(8). Section 605(8), according to Swisher, expands the methods available for service of process upon a foreign insurer. (Doc. 14 at 3). Swisher also argues that

§ 605(4) lacks limiting language that would indicate certified mail constitutes the sole method for service of process upon a foreign insurer. *Id.* The Court agrees.

Nothing in § 605 indicates that service by certified mail represents the sole means of serving legal process upon a foreign insurer. Section 605(8) expands the methods for service of process to include "any other manner permitted by law." Mont. Code Ann. § 33-1-605(8). Moreover, § 605(4) contains no limiting language that would preclude other means of service of process upon a foreign insurer. *Id.* (4).

Section 605(8) clarifies that the statute "does not limit" the right to serve process upon a foreign insurer in any other manner permitted by law. The Court rejects State Farm's argument that "process," as used in § 605(8), does not include "legal process" as contemplated in § 605(4). State Farm quotes *Wild v. Fregein Construction*, by stating that statutes must be harmonized to give effect to each section as "the Legislature would not pass meaningless legislation." (Doc. 15 at 5 (quoting *Wild v. Fregein Constr.*, 2003 MT 115, ¶ 20, 314 Mont. 425, 68 P.3d 855)). State Farm's interpretation of § 605 would render meaningless the term "any" in § 605(8). "Any process" includes "legal process," and, therefore, § 605 allowed Swisher to serve her complaint on State Farm in any manner permitted by law, including personal service upon State Farm's registered agent. *See* Mont. R. Civ. P. 4(i)(3).

This broader interpretation of § 605(4) harmonizes with a narrow interpretation of § 605(1). Section 605(1), unlike § 605(4), contains limiting language. The Montana Supreme Court rejected plaintiff's attempts to serve process on an insurance company's office in accordance with Montana Rule of Civil Procedure 4(i)(3). *LaFountaine v. State Farm Mut. Auto. Ins. Co.*, 698 P.2d 410, 412 (1985). The Montana Supreme Court noted that the applicable statute stated that process could "only" be served on the insurance commissioner. *Id.* Section 605(1) contains similar limiting language that process "must" be served on a certified agent. *See* Mont. Code Ann. § 33-1-605(1). Section 605(4) merely states, however, that certified mail "constitutes" service of legal process. *Id.* (4). No limiting language in § 605(4) supports State Farm's argument that certified mail constitutes the only proper method by which to serve a foreign insurance company.

A broader reading of the service of process requirements also better serves public policy. The service of process statute seeks to notify the defendant that an action has been initiated against it. *See, e.g.*, *Jones v. Flowers*, 547 U.S. 220, 226 (2006) ("[D]ue process requires the government to provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action[.]"); *Hanna v. Plumer*, 380 U.S. 460, 462 n.1 (1965) (noting that the purpose of summons is to provide actual notice). Personal service

promotes this purpose of providing notice just as well as certified mail. No doubt exists in this case that personal service on State Farm's registered agent notified State Farm of the action against it.

State Farm itself also admits that § 605 eased the onerous requirements of the previous provision governing service on foreign insurance companies—Montana Code Annotated § 33-1-602—which required service on the Commissioner of Insurance. (Doc. 8 at 5-6). It seems doubtful that the Montana Legislature would ease the plaintiff's burden of proper service by changing the person upon whom legal process could be served, while at the same time narrowing the method by which process could be served. Swisher's interpretation of the statute better harmonizes the statute's language with its apparent purpose.

The Court determines that Swisher properly served her complaint on State Farm pursuant to Montana Code Annotated § 33-1-605. The Court need not analyze State Farm's 12(b)(6) motion because Swisher properly served her complaint within the applicable statute of limitations.

## ORDER

Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is **DENIED.**

Dated this 15th day of October, 2021.

_____
Brian Morris, Chief District Judge
United States District Court